United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SCHERING CORPORATION,

Plaintiff,

v.

FIRST DATABANK INC.,

Defendant.

No. C 07-01142 WHA

**ORDER DENYING MOTION TO DECLARE APPEAL FRIVOLOUS AND VACATING HEARING**

## INTRODUCTION

In this product-disparagement action, defendant First DataBank Incorporated has appealed an order denying its motion to strike the complaint under California's Anti-SLAPP (Strategic Lawsuit Against Public Participation) statute. Plaintiff Schering Corporation has filed a motion to declare the appeal frivolous. For the below-stated reasons, the motion is **DENIED**.

## STATEMENT

Plaintiff Schering is a drug manufacturer. Defendant First DataBank creates a database called the National Data Drug File Plus, which it sells to pharmacists, physicians, and others engaged in prescribing, dispensing, and paying for prescription drug products. The gravamen of Schering's allegations against First DataBank relate to Schering's asthma inhaler, Proventil HFA. Schering alleges that First DataBank publishes false information in the database indicating that inhalers made by companies other than Schering are therapeutically substitutable

1  for Proventil HFA. According to Schering, the FDA has never concluded that the products are
2  therapeutically substitutable. Schering asserts claims for trade libel, negligent publication, and
3  tortious interference with economic advantage.

4  This action was initially filed in the District of New Jersey. On January 24, 2007,
5  Magistrate Judge Ronald Heges transferred the action to this district pursuant to 28 U.S.C.
6  1404(a). *See Schering Corp. v. First DataBank, Inc.*, 479 F. Supp. 2d 468 (D.N.J. 2007). The
7  undersigned then ruled on two motions that had been pending when the case was transferred.
8  An order dated April 10, 2007, denied Schering's motion for a preliminary injunction. *See*
9  *Schering Corp. v. First DataBank Inc.*, No. C 07-01142 WHA, 2007 WL 1068206 at *1 (N.D.
10 Cal. Apr. 10, 2007). A subsequent order dated April 20, 2007, denied First DataBank's motion
11 to strike the complaint under California's anti-SLAPP statute. *See Schering Corp. v. First*
12 *DataBank Inc.*, No. C 07-01142 WHA, 2007 WL 1068206, at *1 (N.D. Cal. Apr. 20, 2007).
13 The April 20 order held that the anti-SLAPP statute did not apply to this litigation and that even
14 if it did, the motion to strike would be denied.

15 On May 18, 2007, First DataBank filed a notice of appeal from the order denying the
16 motion to strike. On May 25, Schering filed the instant motion to declare the appeal frivolous,
17 explaining that following the notice of appeal, First DataBank had refused to respond to
18 discovery requests on the ground that the appeal divested this Court of jurisdiction. Schering's
19 motion is addressed herein.[1]

20  **ANALYSIS**
21  **1.  APPROPRIATENESS OF INTERLOCUTORY APPEAL.**

22 Schering first alleges that First DataBank's appeal is not procedurally proper. This
23 order rejects that claim. Schering incorrectly argues that *Batzel v. Smith*, 333 F.3d 1018 (9th
24 Cir. 2003), which held that the denial of an anti-SLAPP motion falls within the collateral order

---

[1] An order dated May 31, 2007, requested the parties to "brief the extent to which the Court has jurisdiction over pretrial or case-management issues while the appeal is pending in the Ninth Circuit, irrespective of whether the Court declares the appeal frivolous."

2

doctrine and may be immediately appealed pursuant to 28 U.S.C. 1291, was somehow implicitly overruled in *Will v. Hallock*, 546 U.S. 345 (2006).[2]

The *Batzel* panel considered whether the denial of an anti-SLAPP motion was an immediately appealable "final decision" under 28 U.S.C. 1291, that could be considered by the court of appeals. Relying on *Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994), the court of appeals held that all three factors for the "narrow class of immediately appealable orders" were met. *First*, it was a "conclusive" order. The denial of an anti-SLAPP motion was "conclusive as to whether the anti-SLAPP statute required dismissal of [plaintiff's] suit." *Second,* the order resolved "important questions completely separate from the merits." Such an order decided "whether the defendant [was] being forced to defend against a meritless claim," an issue existing separately from the merits of the claim itself. *Third*, such an order would "render such questions effectively unreviewable on appeal from a final judgment in the underlying action." Specifically, if "the defendant were required to wait until final judgment to appeal the denial of a meritorious anti-SLAPP motion, a decision by [the court of appeals] reversing the district court's denial of the motion would not remedy the fact that the defendant had been compelled to defend against a meritless claim brought to chill rights of free expression." A district court denial of an anti-SLAPP motion to strike was thus held to be an "appealable final decision within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." *Batzel*, 333 F.3d at 1024–26.

Schering argues that *Batzel* is irreconcilable with the more recent Supreme Court pronouncement in *Will*. It is not. *Will* expressly reiterated the same principles articulated in *Digital Equipment*, specifically, that courts should not interpret the collateral order too

---

[2] California's anti-SLAPP statute was "designed to allow for early dismissal of non-meritorious cases aimed at chilling First Amendment expression through costly, time-consuming litigation." *New.Net, Inc. v. Lavasoft*, 356 F. Supp. 2d 1090, 1098–99 (C.D. Cal. 2004). The statute allows "a civil defendant, at the infant stages of the litigation, [to] move to strike a plaintiff's SLAPP complaint, which is defined as a non-meritorious action brought against a person arising 'from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue.'" *Ibid.* (quoting Cal. Civ. Proc. Code 425.16(b)(1)).

3

expansively "lest 'every right that could be enforced appropriately by pretrial dismissal [be] loosely . . . described as conferring a 'right not to stand trial.'" *Will*, 126 S. Ct. at 958. The Supreme Court did not change any of the three requirements recognized in *Digital Equipment*. The *Will* court held that an order rejecting a defense based on the Federal Tort Claims Act's "judgment bar" was an immediately appealable decision, largely because that defense had "no claim to greater importance than the typical defense of claim preclusion," the denial of which had been deemed ineligible for immediate appeal. *Id.* at 960–61. Citing cases that had properly found certain types of orders as being within the class of appealable orders, the Supreme Court held that "[i]n each case, some particular value of a high order was marshaled in support of the interest in avoiding trial." *Id.* (citing *Nixon v. Fitzgerald*, 457 U.S. 731, 742 (1982) (rejection of absolute immunity); *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985) (rejection of qualified immunity); *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) (denial of claim of Eleventh Amendment immunity by state); *Abney v. United States*, 431 U.S. 651, 660 (1977) (adverse ruling against defendant on a double-jeopardy defense)). Thus, the Supreme Court explained that "it is not mere avoidance of a trial, but avoidance of a trial that would imperil a substantial public interest, that counts when asking whether an order is effectively unreviewable if review is to be left until later." *Will*, 126 S. Ct. at 959.

*Will* did not purport to create a new rule, but only reiterated the same rule the Supreme Court had delineated in *Digital Equipment* and other decisions — that the collateral appeal doctrine is meant to "protect values so great that *only* immediate appeal can effectively vindicate them." *Id.* at 960 (emphasis added). To that end, *Batzel* — applying *Digital Equipment —* recognized that California's anti-SLAPP "immunity" protects defendants who might otherwise be "compelled to defend against a meritless claim brought to chill rights of free expression." *Batzel*, 333 F.3d at 1024–25 ("[A] defendant's rights under the anti-SLAPP statute are in the nature of immunity: They protect the defendant from the burdens of trial, not merely from ultimate judgments of liability."). The California Court of Appeal has endorsed *Batzel*'s

4

interpretation of the anti-SLAPP statute, explaining that the Ninth Circuit had "accurately analyzed the statute as shielding defendants from the burden of trial of meritless claims," and had appropriately found that "the anti-SLAPP statute serves an interest analogous to a limited immunity from suit." *Physicians Comm. for Responsible Med. v. Tyson Foods, Inc.*, 119 Cal. App. 4th 120, 129 (2004). This order finds that the anti-SLAPP statute protects important values — as recognized by *Batzel* — that the Supreme Court's decision in *Will* did nothing to disturb.

Moreover, even post-*Will*, the Ninth Circuit has cited *Batzel* for the proposition that "the denial of an anti-SLAPP motion is immediately appealable pursuant to the collateral order doctrine." *Zamani v. Carnes*, __ F.3d __, 2007 WL 1584577, at *2 (9th Cir. June 04, 2007). This order holds that *Batzel* remains good law and that First DataBank's appeal is procedurally proper, subject, as always, to the court of appeals taking its own view of the matter.

### 2. FRIVOLOUSNESS OF APPEAL.

Schering has moved for a certification of the appeal as frivolous. To declare the appeal frivolous, the Court must find that it is "wholly without merit." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1003 n.3 (9th Cir. 2002). This means that the appeal must be "so baseless that it does not invoke appellate jurisdiction," such as when "the disposition is so plainly correct that nothing can be said on the other side." *Apostol v. Gallion,* 870 F.2d 1335, 1339 (7th Cir. 1989). That is not the case here. Of course, the undersigned believes that the anti-SLAPP motion to strike was properly denied. But First DataBank's arguments were not barred by, for example, "clear and long-standing case law." *United States v. LaMere*, 951 F.2d 1106, 1107 (9th Cir. 1991). First DataBank set forth at least a *plausible* argument that the anti-SLAPP statute should apply to this action and that the complaint should be struck pursuant to that statute. The appeal is thus not *wholly* without merit. The request for an order certifying First DataBank's appeal as frivolous is accordingly denied.

5

### 3. JURISDICTION OVER PRETRIAL MATTERS.

The remaining issue is the extent to which this Court has jurisdiction over this action while the appeal is pending. This order holds that this Court retains jurisdiction over pretrial and case-management issues.

The Ninth Circuit has explained that "[o]rdinarily, if a defendant's interlocutory claim is considered immediately appealable . . . , the district court loses its power to proceed from the time the defendant files its notice of appeal until the appeal is resolved." *United States v. Claiborne*, 727 F.2d 842, 849–51 (9th Cir. 1984). In the double-jeopardy context, the Ninth Circuit has recognized that "if the claim [of double jeopardy] is found to be frivolous [by the district court], the filing of a notice of appeal by the defendant shall not divest the district court of jurisdiction over the case." *United States v. LaMere*, 951 F.2d 1106, 1107–09 (9th Cir. 1991) (quoting *United States v. Dunbar*, 611 F.2d 985, 988 (5th Cir. 1980) (en banc)). The Ninth Circuit has adopted the same rule in the qualified immunity context. *See Chuman v. Wright*, 960 F.2d 104, 104–05 (9th Cir. 1992).

As discussed above, *Batzel* explained that anti-SLAPP immunity is akin to substantive immunity from suit. *Batzel*, 333 F.3d at 1025–26. Specifically, "a decision by [the court of appeals] reversing the district court's denial of the motion would not remedy the fact that the defendant had been compelled to defend against a meritless claim brought to chill rights of free expression." *Id.* at 1025. Under the foregoing authority, the non-frivolous appeal plainly divested this Court of jurisdiction to proceed with a trial during which First DataBank would have to defend against Schering's claims. *See, e.g.*, *Chuman*, 960 F.2d at 104–05 ("In the absence of [a] certification [that a claim of qualified immunity is frivolous], the district court is automatically divested of jurisdiction to proceed with *trial* pending appeal.") (emphasis added).

This order holds, however, that the appeal did not divest this Court of jurisdiction to rule on pretrial and case-management issues, including discovery. "[A]n appeal of an interlocutory order does not ordinarily deprive the district court of jurisdiction *except with regard to the matters that are the subject of the appeal*." *Britton v. Co-op Banking Group*, 916 F.2d 1405,

6

1412 (9th Cir. 1990) (emphasis added); *see also Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control *over those aspects of the case involved in the appeal*.") (emphasis added). Because discovery and other pretrial matters are not relevant to the subject of the appeal — First DataBank's claim of immunity under the anti-SLAPP statute — this Court retains jurisdiction over all other matters.

This holding is supported by the Ninth Circuit's opinion in *Claiborne.* There, the district court denied the defendant's immunity motion and found that the motion was frivolous. The district court subsequently scheduled a motions hearing date as well as a trial date. The Ninth Circuit held that any error by the district court in hearing pretrial motions during the appeal was harmless because the defendant's immunity claim was meritless. In so holding, the Ninth Circuit acknowledged the policy concern "that a defendant who raised a meritorious ["right not to be tried" claim] would be irreparably harmed if the trial court were allowed to proceed to trial prior to the appellate court's disposition of a claim." The court explained, however, that such a concern "is not as vitally involved when only pre-trial hearings proceed in the district court rather than the trial itself." *Claiborne*, 727 F.2d at 844–49, 851. Here, while this order acknowledges that the anti-SLAPP statute protects certain speakers' "right *not* to be dragged through the courts," *Varian Med. Sys., Inc. v. Delfino*, 35 Cal.4th 180, 193 (2005), this order finds that any harm First DataBank would suffer by complying with pretrial procedures would be negligible or at least must be evaluated matter by matter. It would be wrong to rule on a blanket basis that any and all discovery, for example, should be denied pending what may be a lengthy appeal.

For these reasons, this order finds that jurisdiction still exists to decide discovery issues, rule on pretrial motions, and set dates leading up to a trial.

**CONCLUSION**

For the above-stated reasons, Schering's motion for an order certifying the appeal as frivolous is **DENIED**. Finding oral argument unnecessary, the hearing on this motion is **VACATED**.

**IT IS SO ORDERED.**

Dated: June 18, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE